UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott W. Smith,<br><br>                              Petitioner,<br><br>v.<br><br>Shawn Hatton, Warden,<br><br>                              Respondent. | Case No.:  16-cv-02399-LAB-JLB<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS**<br>[ECF No. 9] |

This Report and Recommendation is submitted to United States District Judge Larry Alan Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

## I.    INTRODUCTION

Petitioner Scott W. Smith ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254.  (ECF No. 5, hereinafter "Pet.")[1]  Before the Court is Respondent's Motion to Dismiss on the grounds that Petitioner's first claim for habeas relief is not a federal constitutional claim; the Petition is an unauthorized second petition; and the Petition is barred as untimely by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitation under 28 U.S.C. § 2244(d).  (ECF No. 9-1.)  Petitioner did not file an opposition to the motion to dismiss.[2]

---

[1] The Petition is docketed as the "First Amended Petition for Writ of Habeas Corpus."  (*See* ECF No. 5.) The first petition filed in this case was dismissed without prejudice because Petitioner failed to sign the petition under penalty of perjury.  (ECF Nos. 4, 5.)

[2] Pursuant to this Court's October 25, 2016 Order, the deadline for Petitioner to file his opposition, if any, to the motion to dismiss was January 30, 2017.  (ECF No. 6 at ¶4.)

The Court, having reviewed the operative Petition, Respondent's Motion to Dismiss, and the state court records filed, concludes that the Petition is barred as a successive petition and as it is untimely under AEDPA's one-year statute of limitation. Accordingly, the Court **RECOMMENDS** that Respondent's Motion to Dismiss (ECF No. 9) be **GRANTED**.

## II. PROCEDURAL HISTORY

On September 5, 2002, Petitioner entered a guilty plea to willfully and unlawfully committing a lewd and lascivious act upon a child under the age of 14 years in violation of Cal. Penal Code § 288(a). (ECF No. 10-2 at 3-7; *see also* ECF 10-5 at 9 (Count 1), 104, 112.) He further admitted having two strike priors for separate incidents, one for violation of Cal. Penal Code § 288(a) and one for violation of Cal. Penal Code § 288(b). (ECF No. 10-2 at 8-9.) On December 30, 2002, and in accordance with the plea, the Superior Court of California sentenced Petitioner to prison for a stipulated term of 25 years to life. (ECF Nos. 10-4 at 2, 6.) *See also People v. Smith*, No. D041776, 2004 WL 348882, at *1 (Cal. Ct. App. Feb. 25, 2004).

On March 7, 2003, Petitioner initiated a direct appeal by filing a notice of appeal. (ECF No. 10-5 at 94-102; ECF No. 10-6 at 6.) On direct appeal to the California Court of Appeal, Petitioner's appellate counsel filed a brief that requested a review of the record for error, but raised no specific issues as permitted under *People v. Wende*, 25 Cal. 3d 436 (1979).[3] (ECF Nos. 10-6, 10-7.) In addition, with leave of court, Petitioner filed a supplemental brief before the Court of Appeal. (ECF Nos. 10-7, 10-8.)

The Court of Appeal provided the following summary of Petitioner's claims on direct appeal:

> He states that he is unable to file a supplemental brief because he does not have the trial court transcripts. He contends the rule precluding raising an issue in a collateral proceeding if it has been raised on appeal deprives him of due process of law. However, he informally states that

---

[3] *See People v. Wende*, 25 Cal. 3d at 441 ("We conclude that *Anders* [*v. California*, 386 U.S. 738 (1976)] requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous.").

his appellate counsel was ineffective in filing the *Wende* brief when issues exist regarding effective assistance of trial counsel; the trial court failing to hold a *Marsden* hearing (*People v. Marsden* (1970) 2 Cal.3d 118) or an evidentiary hearing on his motion to withdraw the guilty plea; the entry of the guilty plea not meeting the requirements of *In re Tahl* (1969) 1 Cal.3d 122 and *Boykin v. Alabama* (1969) 395 U.S. 238; and the court not inquiring into a factual basis for the guilty plea.

(ECF No. 10-9 at 2.) The Court of Appeal reviewed the entire record and affirmed the judgment of the Superior Court on February 25, 2004. (ECF No. 10-9.) Petitioner did not seek review in the California Supreme Court. (ECF No. 10-10 at 5-6; ECF No. 10-16 at 3.)

Next, Petitioner timely initiated and completed a full round of state habeas corpus petitions. (*See* ECF No. 10-16.) The Superior Court denied the first habeas petition in a written opinion on May 26, 2004. (ECF No 10-17 at 4.) On September 21, 2004, the Court of Appeal denied the second petition in a written decision. (*Id.*) Then, on September 21, 2005, the California Supreme Court denied the final petition without citation of authority. (*Id.*) By the end of 2005, Petitioner had exhausted the following habeas issues in state court: (1) whether his Sixth Amendment right to competent counsel was violated when his appellate counsel allegedly rendered ineffective assistance; (2) whether his Sixth Amendment right to competent counsel was violated when his trial counsel allegedly rendered ineffective assistance; (3) whether the state trial court violated his Fourteenth Amendment right to due process and his Sixth Amendment right to a fair trial by allegedly failing to ensure his guilty plea was entered knowingly, voluntarily and intelligently, failing to ensure there was a factual basis for his guilty plea, admitting the facts of his prior conviction under Penal Code section 1108, and failing to properly handle his motion to withdraw his guilty plea. (*Id.* at 5.)

On December 21, 2005, Petitioner filed a federal habeas corpus petition, raising the same claims that he had previously exhausted in the state courts. (*Id.* at 4-5.) The district

/ / /

16-cv-02399-LAB-JLB

court analyzed the 2005 petition on the merits, denied each claim for habeas relief with prejudice, and entered judgment on July 10, 2007. (ECF No. 10-17.)

More than seven years later, after the California Supreme Court decision in *People v. Vargas*, 59 Cal.4th 635 (2014), Petitioner filed a petition for writ of habeas corpus in the California Superior Court, case number HSN-1412. (*See* ECF No. 10-19.) At that time, Petitioner claimed that he was given two strike priors for one crime and one victim, which he argued was unconstitutional and should be stricken under *Vargas*. (*Id*. at 1.) On October 22, 2015, the Superior Court denied the Petition on the merits. (*Id*. at 1-2.) The court concluded that "Petitioner's claim that his two strikes were based on the same act is incorrect and the reasoning of *Vargas* does not apply." (*Id*. at 2.)

On November 10, 2015, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, case number D069202, wherein he raised the same claim that had been presented in the Superior Court. (ECF No. 10-20.) Petitioner also raised claims that his trial counsel provided constitutionally ineffective assistance by failing to argue Petitioner's two prior convictions could not be counted as two separate strikes; the prosecution denied him due process by requesting and obtaining imposition of a third-strike sentence based on those convictions without an evidentiary hearing; and the Superior Court denied him due process by misapplying *Vargas* and denying the habeas corpus petition he filed in that court without holding an evidentiary hearing. (*Id*.; ECF No. 10-21 at 1-2.)

On November 13, 2015, the California Court of Appeal denied the petition. (ECF No. 10-21.) It determined that the entire petition was barred as untimely "without any explanation for the long delay." (*Id*. at 2.) Further, with respect to Petitioner's claim of ineffective assistance of counsel, the Court of Appeal held that it was also barred as a successive petition "because it is merely a variation on claims considered and rejected on direct appeal and in his prior habeas corpus petitions." (*Id*.) Finally, the Court of Appeal denied Petitioner's petition on the merits, reasoning:

> Even if Smith's petition were not procedurally barred, it would fail on the merits. His claim the prosecution did not adequately prove

16-cv-02399-LAB-JLB

his prior convictions for purposes of sentencing under the Three Strikes law is an attack on the sufficiency of the evidence, which is "not cognizable in a habeas corpus proceeding." (*In re Reno*, *supra*, 55 Cal.4th at p. 505.) His claim based on *Vargas*, *supra* 59 Cal.4th 635, has no merit. In *Vargas*, the California Supreme Court considered "whether two prior convictions arising out of a single act against a single victim can constitute two strikes under the Three Strikes law" and "conclude[d] they cannot." (*Id*. at p. 637.) Smith has not included with his petition the plea agreement, the transcript of the plea hearing, or any other document concerning his prior convictions that would allow this court to determine whether or not those convictions arose out of a single act against a single victim. His conclusory assertion "there was one victim, one act" is insufficient to sustain his pleading burden. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) The assertion is also contradicted by the superior court's order denying habeas corpus relief, which Smith attached to his petition and which states the plea agreement showed the two prior convictions were "for separate incidents." Without presenting evidence the prior convictions did in fact arise out of a single act against a single victim, Smith cannot fault his trial counsel for not arguing the convictions could not be counted as separate strikes under the Three Strikes law. (See, e.g., *In re Reno*, *supra*, at pp. 499-500 ["unadorned and unexplained assertions of ineffective assistance of counsel . . . are inadequate to satisfy [petitioner's] pleading burden"]; *People v. Stratton* (1988) 205 Cal.App.3d 87, 93 [defendant must prove by preponderance of evidence that counsel's representation was deficient].)

Finally, this court does not consider Smith's objections to the superior court's order denying the petition for writ of habeas corpus he filed in that court. Such an order is not appealable or otherwise reviewable by this court. (*In re Clark*, *supra*, 5 Cal.4th at p. 767, fn. 7; *In re Crow* (1971) 4 Cal.3d 613, 621, fn. 8.).

(*Id*.)

On March 14, 2016, Petitioner filed a petition in the California Supreme Court. (ECF No. 10-22.) On May 11, 2016, the California Supreme Court denied the petition with citation to *People v. Duvall*, 9 Cal.4th 464, 474 (1995) and *In re Swain*, 34 Cal.2d 300, 304 (1949), but otherwise without comment. (ECF No. 10-23.)

/ / /

Petitioner again filed a federal habeas petition in this district court on September 21, 2016, which was amended on October 20, 2016. (ECF Nos. 1, 5.) The amended petition is the Petition presently before the Court. (ECF No. 5.) The Petition presents three grounds for relief: (1) whether "Petitioner received unauthorized sentence that requires reversal and remand for due process;" (2) whether "Petitioner received ineffective assistance of counsel during the Superior Court appearances and on appeal;" and (3) whether the state court erred in denying Petitioner an evidentiary hearing to which he was entitled. (*Id*. at 6-8.)

## III.  ANALYSIS

### A.  Second or Successive Petition

Respondent argues the Petition must be dismissed under AEDPA, 28 U.S.C. § 2244(b), because Petitioner filed a prior federal petition seeking habeas relief arising from his 2002 conviction. (ECF No. 9-1 at 13.) The Court agrees.

As set forth herein, the instant Petition is not the first petition for a writ of habeas corpus Petitioner has filed with this district court challenging his 2002 conviction and sentence for committing a lewd act upon a child under the age of 14 following a guilty plea in San Diego County Superior Court. On October 26, 2005, Petitioner filed his first federal petition arising from his 2002 lewd act conviction in this district court in case number 05cv2021. (ECF No. 10-17 at 1.) On July 10, 2007, the district court denied the petition on the merits. (ECF No. 10-17 at 1-32.) Petitioner appealed that determination. On November 22, 2010, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (*See* Order filed Nov. 22, 2010 in case No. 05cv2021-H-POR, [ECF No. 37].)

The instant Petition, filed in 2016, must be dismissed as a successive petition. Petitioner is again challenging the sentence and conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges

6

"the same custody imposed by the same judgment of a state court" as a prior petition).  A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction."  28 U.S.C. § 2244(b)(2).  "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(3)).  Here, the Ninth Circuit Court of Appeals has not granted Petitioner leave to file a successive petition.  Therefore, this Court cannot consider the Petition.

### B.    Statute of Limitation under AEDPA

Even if the Petition were not successive, it would still be dismissed as untimely.  Federal habeas corpus petitions are governed by AEDPA's one-year statute of limitation.  28 U.S.C. § 2244(d)(1).  AEDPA, enacted on April 24, 1996, applies to convictions finalized thereafter.  Pursuant to 28 U.S.C. § 2244(d)(1), the one-year limitation begins at the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  In most cases, the one-year period runs pursuant to subsection (A), the date on which the judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner did not appeal to the California Supreme Court after the Court of Appeal filed its decision affirming the judgment on February 25, 2004. The California Court of Appeal's decision became "final" for purposes of filing a petition for review on March 26, 2004, 30 days after the California Court of Appeal's February 25, 2004, decision. *See* Cal. R. Ct. 8.264(b). The time to file a petition for review in the California Supreme Court expired 10 days later, on April 5, 2004. Cal. R. Ct. 8.500(e)(1). Thus, AEDPA's statute of limitations started to run on April 5, 2004 and expired one year later, on April 5, 2005.[4]  *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005) ("Gaston's conviction became final . . . forty days after the dismissal by the [California] Court of Appeal") (citing Cal. R. Ct. 24(b)(1) (renumbered Rule 8.264, effective January 1, 2007)). Thus, pursuant to subsection (A) of § 2244(d)(1), the Petition, which was first filed in 2016, is untimely unless Petitioner can show that he is entitled to statutory tolling, a delayed start date, or equitable tolling.[5]

### 1.  **Statutory Tolling**

As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on AEDPA's one-year limitation period, he bears the burden of demonstrating that limitation period is sufficiently tolled under statutory and/or equitable principles. *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) *overruled on other grounds* by *Pace v. Diglielmo*, 544 U.S. 408, 418 (2005); *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004) (holding the petitioner has the burden of demonstrating tolling facts). Petitioner fails to make such a showing.

Section 2244(d)(2) provides for statutory tolling for the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Generally, "the

---

[4] Respondent contends finality occurred on April 6, 2004, presumably not accounting for the fact that 2004 was a leap-year. (*See* ECF No. 9-1 at 16.)

[5] Respondent points out that it may be argued that the Petition was filed in June, August, or September when Petitioner handed the federal petitioner to prison officials. (ECF No. 9-1 at 16.) Because the exact date of filing is inconsequential to this Court's analysis, the Court need not decide the exact date of filing.

statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge[,]" *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), (footnotes omitted), cert. denied, 529 U.S. 1104 (2000), so long as the petitioner did not unreasonably delay in seeking collateral relief. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions, provided that the petitioner proceeds in a hierarchical order from one lower state court to a higher state court. *Id*. However, "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino*, 183 F.3d at 1006.

Here, AEDPA's statute of limitations would have begun to run on April 5, 2004. However, the limitations period did not begin to run on that date because, on March 25, 2004, Petitioner timely initiated procedurally proper state collateral review proceedings of the pertinent judgment. (ECF No. 10-10 at 7; ECF No 10-17.) State collateral review concluded with the California Supreme Court's denial of habeas relief on September 21, 2005. (*See* ECF No. 10-15.) Thus, pursuant to AEDPA, Petitioner had until September 21, 2006 to file a federal petition.

On October 26, 2005, Petitioner timely filed a petition in this district court in case number 05cv2021. (ECF No. 10-17 at 1.) However, that is not the petition presently before this court. Further, AEDPA's statute of limitations was not tolled while Petitioner's prior federal habeas petition filed in 2005 was pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("we are convinced that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition").

Petitioner initiated a second round of state collateral review of the pertinent judgment at some point in 2014 or 2015, when he filed a petition for writ of habeas corpus in the California Superior Court. (ECF No. 10-19.) However, under section 2242(d)(2), Petitioner cannot rely on this round of state collateral review to revive his one-year limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding

9

that AEDPA does not "permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); *see also Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (maintaining a state application for post-conviction relief does not revive the one-year limitations period if such period has expired). Therefore, Petitioner's round of state collateral review that he initiated in 2014 or 2015 does not revive or restart AEDPA's one-year limitation period that expired several *years* earlier.

Therefore, the Petition is barred as untimely under AEDPA, unless a delayed start date or equitable tolling is applicable.

### 2. Delayed Start Date

As set forth above, AEDPA's one-year statute of limitation period begins at the latest of four possible dates, each outlined in subsections (A) through (D) of 28 U.S.C. § 2244 (d)(1). As discussed above, subsection (A) provides for a start date of April 5, 2004, but that start date was statutorily tolled until September 21, 2005. Subsections (B) and (D) do not apply to this case.[6] Accordingly, the Court turns to whether the application of subsection (C) results in a delayed start date for Petitioner's limitation period.

At best, Petitioner seems to contend that § 2244(d)(1)(C) applies to trigger a later start to the limitations period. (Pet. at 10-12.) Under § 2244(d)(1)(C), the one-year statute of limitations begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Petitioner seems to believe that the case upon which he relies in seeking federal habeas relief – the California Supreme Court's July 10, 2014 decision in *People v.*

/ / /

---

[6] Subsections (B) and (D) are not applicable to the current matter. As to subsection (B), Petitioner has not alleged a state-action impediment prevented him from filing. As to subsection (D), Petitioner argues that there is a new rule of law that should apply, but has not alleged that the *factual* predicate of the claim or claims presented could not have been discovered earlier through the exercise of due diligence. (*See generally* Pet.)

*Vargas*, 59 Cal.4th 635 (2014) – was decided by the United States Supreme Court and, thus, revives his untimely claims. Such an argument is without merit.

As an initial matter, the California Supreme Court's decision in *Vargas* involved a matter of state statutory construction and does not purport to set forth a newly recognized constitutional right. *See generally Vargas*, 59 Cal.4th at 640-49. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). The text of the habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a writ of habeas corpus "is unavailable for alleged error in the interpretation or application of state law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985); *Hubbart v. Knapp*, 379 F.3d 773, 779 (9th Cir. 2004).

Moreover, § 2244(d)(1)(C) applies only when the United States Supreme Court itself makes a new rule retroactive to cases on collateral review. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (construing identical language in § 2255 as expressing "clear" congressional intent that delayed accrual is inapplicable unless the United States Supreme Court itself has made the new rule retroactive). As Petitioner's claims are not based on a constitutional right that the United States Supreme Court has newly recognized and made retroactively applicable to cases on collateral review, § 2244(d)(1)(C) does not apply.

Consequently, subsection (C), does not save Petitioner's untimely petition. Accordingly, Respondent's Motion to Dismiss (ECF No. 9) should be granted as the Petition is barred by AEDPA's one-year statute of limitation, unless Petitioner can show equitable tolling is applicable.

### 3. Equitable Tolling

Petitions filed under Section 2244(d) may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

16-cv-02399-LAB-JLB

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418. The Ninth Circuit has found equitable tolling appropriate only in rare circumstances that truly rise to the level of extraordinary.

Here, the Court need not address Petitioner's diligence because there is no "extraordinary circumstance" before the Court to warrant the applicability of equitable tolling to the Petition. The Petition is merely a variation on claims considered and rejected on direct appeal and in his prior habeas corpus petitions. Further, the California Supreme Court's recent decision in *Vargas* does not address a federal question, nor does it establish a new federal constitutional rule. On this record, there are no extraordinary circumstances before the Court.

Turning to the California Supreme Court's recent decision in *Vargas*, the court held that two prior convictions arising out of a single act against a single victim cannot constitute two strikes under California's Three Strikes Law. *Vargas*, 59 Cal.4th at 637. Petitioner's claim that his sentence is contrary to the decision in *Vargas* presents a purely state sentencing law claim not cognizable in a federal habeas proceeding. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"); *Russell v. Fox*, No. 15cv2709, 2016 WL 1599481, at *13 (N.D. Cal. Apr. 20, 2016) ("Petitioner's claim that his life sentence under the Three Strikes Law does not conform with *Vargas* presents a purely state sentencing law claim not cognizable in federal habeas"). Thus, the California Supreme Court's recent decision in *Vargas* does not constitute extraordinary circumstances supporting equitable tolling.

Moreover, Petitioner's state law claim under *Vargas* appears to be without merit because, as the state courts on collateral review reasonably concluded:

> His claim based on *Vargas*, *supra* 59 Cal.4th 635, has no merit. In *Vargas*, the California Supreme Court considered "whether two prior convictions arising out of a single act against a single victim can constitute two strikes under the Three Strikes law" and "conclude[d] they cannot." (*Id*. at p. 637.) Smith has not included with his petition

16-cv-02399-LAB-JLB

the plea agreement, the transcript of the plea hearing, or any other document concerning his prior convictions that would allow this court to determine whether or not those convictions arose out of a single act against a single victim. His conclusory assertion "there was one victim, one act" is insufficient to sustain his pleading burden. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) The assertion is also contradicted by the superior court's order denying habeas corpus relief, which Smith attached to his petition and which states the plea agreement showed the two prior convictions were "for separate incidents." Without presenting evidence the prior convictions did in fact arise out of a single act against a single victim, Smith cannot fault his trial counsel for not arguing the convictions could not be counted as separate strikes under the Three Strikes law. (See, e.g., *In re Reno*, *supra*, at pp. 499-500 ["unadorned and unexplained assertions of ineffective assistance of counsel . . . are inadequate to satisfy [petitioner's] pleading burden"]; *People v. Stratton* (1988) 205 Cal.App.3d 87, 93 [defendant must prove by preponderance of evidence that counsel's representation was deficient].).

(ECF No. 10-21.) Therefore, equitable tolling does not apply based on the record before the Court, and Respondent's Motion to Dismiss (ECF No. 9) should be granted.

## IV.  CONCLUSION

For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an order: (1) approving and adopting this Report and Recommendation, and (2) granting Respondent's Motion to Dismiss the Petition (ECF No. 9) with prejudice.

**IT IS ORDERED THAT** any party to this action may file written objections with the District Court and serve a copy on all parties no later than **May 2, 2017**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED THAT** any reply to the objections shall be filed with the District Court and served on all parties no later than **May 16, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise

/ / /

/ / /

13

those objections on appeal of the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: April 10, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge

16-cv-02399-LAB-JLB